UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

IN RE:

GERIC CORWIN REED     Case No: 04-13062

    Debtor.

GERIC CORWIN REED,

    Plaintiff,

v.     Adv. No: 06-01161

GREENTREE-AL, LLC as assignee for
GREENPOINT CREDIT CORPORATION,

    Defendant.

### ORDER DENYING GREENTREE-AL, LLC'S MOTION TO DISMISS THE DEBTOR'S ADVERSARY PROCEEDING

Thomas O. Bear, Attorney for Debtor, Bear & Roberts, LLC, Magnolia Springs, AL
Paul J. Spina, III, Attorney for GreenTree-AL, LLC, Yearout, Spina & Lavelle, P.C., Birmingham, AL

This matter came before the Court on GreenTree-AL, LLC's ("GreenTree") motion to dismiss the debtor's adversary proceeding. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I), and the Court has authority to enter a final order. For the reasons indicated below, the Court is denying GreenTree's motion to dismiss the debtor's adversary proceeding.

### FACTS

Geric Corwin Reed ("Geric") filed a voluntary Chapter 13 case on February 20, 2003, and it was dismissed on October 27, 2003. Rose Mary Reed ("Rose"), the debtor's spouse, filed a

voluntary Chapter 13 case on December 10, 2003, and it was dismissed on June 25, 2004. Prior to the dismissal of Rose's case, Geric filed a second voluntary Chapter 13 case on May 26, 2004, and it was dismissed on October 27, 2004. Prior to the dismissal of Geric's second Chapter 13 case, Rose filed a motion to reopen her Chapter 13 case on October 14, 2004, which was granted the same day.

On June 21, 2006, Geric filed a motion to reopen his Chapter 13 case in order to initiate an adversary proceeding against GreenTree for a willful violation of the automatic stay. The Court denied this motion on July 20, 2006, but subsequently granted it on December 21, 2006.

Geric filed his adversary proceeding against GreenTree on November 27, 2006. In his complaint, Geric alleges that GreenTree held a first lien on a mobile home owned and occupied by him and Rose. During Rose's case, GreenTree and Rose entered into a consent order conditionally denying a motion for relief. Geric alleges that in violation of such consent order, GreenTree declared Rose in default and attempted to move their home. In the process of its repossession efforts, Geric alleges that GreenTree caused damage to his home and personal property. Geric further alleges that such actions violated the automatic stay imposed in the Chapter 13 case he filed on May 26, 2004.

GreenTree filed a motion to dismiss Geric's adversary complaint on December 29, 2006. In its motion, GreenTree concedes that their repossession efforts took place shortly after Geric filed his May 26, 2004, case. GreenTree notes that Geric entered into an consent order conditionally denying a motion for relief from stay with GreenTree on July 28, 2004, and the Court dismissed his case on October 27, 2004, for Geric's failure to make payments or obtain confirmation of his plan. GreenTree alleges that the present complaint is merely a bad faith

attempt on the part of Geric "to cover for [his] continuous default in payments . . . . "

The Court held a hearing on the matter on January 23, 2007. At the hearing, both parties argued facts outside the pleadings. The Court is disregarding those facts as they are not properly considered in a motion to dismiss context.

GreenTree makes four arguments in support of its motion to dismiss: (1) res judicata bars the present action since these issues could and should have been raised in the consent order both parties entered into on July 28, 2004; (2) judicial estoppel bars the present action since Geric failed to provide the Court or GreenTree with information regarding the alleged violation of the automatic stay; (3) laches bars the present action since the present adversary complaint was filed more than two years after the Court dismissed Geric's second Chapter 13 case; and (4) bad faith bars the present action since Geric and Rose have abusively filed bankruptcy cases.[1]

## LAW

"A motion to dismiss . . . may be granted if the allegations of the claim, even if true, do not provide a basis for judgment in the nonmoving party's favor. In making this determination, all reasonable inference must be drawn from the allegations in favor of the nonmoving party." *Brooks-Hamilton v. City of Oakland (In re Brooks-Hamilton)*, 348 B.R. 512, 516 (Bankr. N.D. Cal. 2006).

The Court is confronted with four issues: Is the present adversary complaint barred by (1) res judicata, (2) judicial estoppel, (3) laches, and/or (4) bad faith? The Court will address these issues, in turn, under the above framework.

---

[1] In its motion to dismiss, GreenTree also alleged that the "applicable statute of limitations" barred the present action. However, at this Court's January 23, 2007, hearing, GreenTree's counsel conceded that there is no such limitation.

3

Case 06-01161    Doc 10    Filed 01/26/07    Entered 01/26/07 12:23:07    Desc Main
                           Document      Page 3 of 6

*1. Res Judicata*

"Res judicata, or more properly claim preclusion, is a judicially made doctrine with the purpose of both giving finality to parties who have already litigated a claim and promoting judicial economy; it bars claims that could have been litigated as well." *Eastman Kodak Co. v. Atlanta Retail, Inc. (In re Atlanta Retail, Inc.)*, 456 F.3d 1277, 1284 (11th Cir. 2006). Therefore, if there is a prior, final court order on the merits that involves the same parties and cause of action, then a subsequent case concerning the same issue is barred. *Id*. at 1284-85.

With the facts alleged in the complaint, GreenTree has not proven that Geric's claim is precluded by res judicata. A stay violation claim is, in essence, a tort claim in which the court awards damages for injuries occurring as a result of a creditor taking action even though a stay is in place. Such a claim has no relation to the creditor's claim against the debtor or his property, which was the issue in the consent order previously entered into by the parties. Therefore, litigation or settlement of the relief from stay issues did not bar Geric's claim. The stay violation claim does not, in any way, affect the priority or amount of GreenTree's debt. *See In re Souders*, 75 B.R. 427, 432-33 (Bankr. E.D. Pa. 1987) *overruled on other grounds by*, *FRP Ltd. P'ship v. Manley (In re FRG, Inc.)*, 919 F.2d 850, 856 (3d Cir. 1990). Therefore, res judicata has not been proven on the face of the complaint.

*2. Judicial Estoppel*

"Judicial estoppel is an equitable doctrine invoked at the court's discretion." *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1285 (11th Cir. 2002). The Eleventh Circuit has developed two factors to determine whether, in the court's discretion, judicial estoppel is applicable based on the facts of a particular case. *Id*. "'First, it must be shown that the allegedly inconsistent positions

were made under oath in a prior proceeding. Second, such inconsistencies must be shown to have been calculated to make a mockery of the judicial system.'" *Id*. In regard to the second factor, the Eleventh Circuit has considered the intent of the individual sought to be judicially estopped. *Id*. at 1286. Intent may be inferred from the record. *Id*. at 1287-88.

GreenTree presented the Court with no evidence that Geric previously made a statement inconsistent with his present allegation that GreenTree violated the automatic stay. To the extent GreenTree desires the Court to accept the consent order as an admission by Geric contrary to his present allegations, it is rejected. The Court finds that judicial estoppel has not been proven on the face of the complaint.

*3. Laches*

"'Under the doctrine of laches, a right is lost if one unreasonably delays in the assertion of that right to the prejudice of the other party.'" *Adams v. Hartcon Assocs., Inc. (In re Adams)*, 212 B.R. 703, 711 (Bankr. D. Mass. 1997) *quoting In re Halmar Distribs., Inc.*, 116 B.R. 328, 335 (Bankr. D. Mass. 1990). In *Adams*, the debtor owned a multifamily property in which she failed to pay water and sewer charges. 212 B.R. at 706. The debtor was sued in state court and lost, with the judgment also creating a receivership to collect rents for the unpaid charges. *Id*. Subsequently, the debtor filed a Chapter 7 case. *Id*. Upon receiving notice of the bankruptcy, the receiver stopped collecting rents. *Id*. Thereafter, the Chapter 7 trustee abandoned the subject property, and the receiver resumed his collection of rents. *Id*. at 707. The debtor received her discharge on October 27, 1994, and her case was closed on December 14, 1994. *Id*. On March 13, 1996, "almost 17 months after the order discharging her debts entered and almost 15 months after her case was closed", the debtor filed a motion to reopen her case in order to pursue an

5

adversary proceeding against the receiver for violating the automatic stay. *Id*. Although finding that the debtor suffered no recoverable injury, the court, in dicta, noted that it would nonetheless have barred any potential recovery under the doctrine of laches. *Id*. at 711. The court reasoned that laches would apply because (1) "the [d]ebtor waited . . . nineteen months . . . to reopen the case in order to initiate this adversary proceeding" and (2) the receiver "was prejudiced by the [d]ebtor's silence because he continued to collect the rents, and thus the actual damages for which he was potentially liable to the [d]ebtor . . . continued to grow." *Id*. at 712. Unlike *Adams*, however, GreenTree has presented the Court with no evidence, as it cannot in a motion to dismiss, regarding whether and to what extent it was prejudiced by Geric's substantial delay in filing the present adversary complaint. Therefore, the Court finds that laches is inapplicable at this juncture.

### 4. Bad Faith

Under the standard for a motion to dismiss, the Court must assume the pleadings in the complaint are true and draw all reasonable inferences in favor of the non-movant. *In re Brooks-Hamilton*, 348 B.R. at 516. Under this standard, the Court is unable to draw a reasonable inference from Geric's complaint that he acted in bad faith. Such a claim would require more evidence than provided in the complaint.

THEREFORE IT IS ORDERED AND ADJUDGED that GreenTree-AL, LLC's motion to dismiss the debtor's adversary proceeding is DENIED.

Dated:   January 26, 2007

*Margaret A. Mahoney*
MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE