UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

IN RE:

GERIC CORWIN REED                                                Case No: 04-13062

       Debtor.

GERIC CORWIN REED,

       Plaintiff,

v.                                                               Adv. No: 06-01161

GREENTREE-AL, LLC as assignee for
GREENPOINT CREDIT CORPORATION,

       Defendant.

## ORDER PARTIALLY GRANTING AND PARTIALLY DENYING
## GREENTREE-AL, LLC'S MOTION FOR SUMMARY JUDGMENT

Thomas O. Bear, Attorney for Debtor, Bear & Roberts, LLC, Magnolia Springs, AL
Paul J. Spina, III, Attorney for GreenTree-AL, LLC, Yearout, Spina & Lavelle, P.C., Birmingham, AL

This matter came before the Court on GreenTree-AL, LLC's ("GreenTree") motion for summary judgment. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I), and the Court has authority to enter a final order. For the reasons indicated below, the Court is partially granting and partially denying GreenTree's motion for summary judgment.

## FACTS

The facts stated in this opinion are facts derived from the affidavit of Shelly Walz, who is Bankruptcy Manager of GreenTree, and from the testimony of Geric Corwin Reed ("Geric")

taken at the hearing on the summary judgment motion. The Court allowed Geric to testify without cross-examination by GreenTree's counsel in lieu of an affidavit. GreenTree agreed to allow this procedure. The Court also received and considered five exhibits offered by the plaintiff.

Geric filed his first voluntary Chapter 13 case on February 20, 2003. In his schedules filed with the Court on the petition date, Geric listed a one-half interest in a 2001 66x28 Sweetwater mobile home ("Mobile Home"), the payment of which was financed by Conseco Finance Servicing Corporation ("Conseco")[1]. The other one-half interest in the Mobile Home was listed as belonging to Geric's wife, Rose Mary Reed ("Rose"). In his Chapter 13 plan filed with the Court on the petition date, Geric proposed to make direct payments to Conseco in the amount of $598 per month and to pay prepetition arrears through his plan. On April 25, 2003, Conseco filed a motion for relief from the stay against Geric and a motion for relief from the co-debtor stay against Rose. Per the affidavit filed with Conseco's motion for relief, William Gillen, a representative of Conseco, averred that Geric and Rose were $1,471.58 in default and still owed a payoff of $61,134.34. On May 19, 2003, the Court entered an order conditionally denying Conseco's motion for relief. Such conditional denial was premised on Geric's inclusion of the arrearage amount in his plan and his "timely payment of regular monthly mortgage payments" on the Mobile Home. If Geric did not make timely future payments, then Conseco was entitled to automatic relief from the stay after a 10-day notice of default to Geric's attorney. Geric defaulted in his payments under the terms of the order, and Conseco was granted automatic

---

[1] Conseco is the financing predecessor to GreenTree-AL, LLC, who is the party in the present case.

relief from the stay pursuant to such order. Geric's first Chapter 13 case was dismissed on October 27, 2003, and terminated on January 22, 2004.

Prior to the termination of Geric's first voluntary Chapter 13 case, Rose filed her first voluntary Chapter 13 case on December 10, 2003. In her schedules filed with the Court on the petition date, Rose listed a one-half interest in the Mobile Home, the payment of which was financed by GreenTree (which, at this point in time, became the successor-in-interest to Conseco). In her Chapter 13 plan filed with the Court on the petition date, Rose proposed to make direct payments to GreenTree in the amount of $598 per month and to pay prepetition arrears in her plan. The Court confirmed Rose's Chapter 13 plan on February 18, 2004. On March 9, 2004, GreenTree filed a motion for relief from the stay against Rose and a motion for relief from the co-debtor stay against Geric. Per the affidavit filed with GreenTree's motion for relief, Carrie Martinez, a representative of GreenTree, averred that Geric and Rose were $1,333.08 in default and still owed a payoff of $71,119.74. On April 12, 2004, the Court entered an order conditionally denying GreenTree's motion for relief. The conditional denial was premised on Rose's inclusion of the arrearage amount in her plan and her "timely payment of regular monthly mortgage payments" on the Mobile Home. If Rose did not make timely future payments, then GreenTree was entitled to automatic relief from the stay after a 15-day notice of default to Rose's attorney. Rose defaulted on the terms of the conditional denial order, and GreenTree was granted automatic relief from the stay pursuant to such order. Rose's first Chapter 13 case was dismissed on June 24, 2004, and terminated on September 23, 2004.

Prior to the dismissal of Rose's first voluntary Chapter 13 case, Geric filed a second voluntary Chapter 13 case on May 26, 2004. In his schedules filed with the Court on the petition

3

date, Geric listed his one-half interest in the Mobile Home. In his Chapter 13 plan filed with the Court on the petition date, Geric again proposed to make direct payments to GreenTree in the amount of $598 per month and to pay prepetition arrears through the plan. On June 28, 2004, GreenTree filed a motion for relief from the stay against Geric and a motion for relief from the co-debtor stay against Rose. Per the affidavit filed with GreenTree's motion for relief, Carrie Martinez, a representative of GreenTree, averred that Geric and Rose were $16,315.12 in default and still owed a payoff of $73,942.20. On July 28, 2004, the Court entered an order conditionally denying GreenTree's motion for relief. The conditional denial was premised on Geric's inclusion of the arrearage amount into his plan and his "timely payment of regular monthly mortgage payments" on the Mobile Home. If Geric did not make timely future payments, then GreenTree was entitled to automatic relief from the stay after a 15-day notice of default to Geric's attorney. Geric defaulted on the terms of the conditional denial order, and GreenTree was granted automatic relief from the stay pursuant to such order on September 15, 2004. On October 22, 2004, Geric's second voluntary Chapter 13 case was dismissed.

Prior to the dismissal of Geric's second voluntary Chapter 13 case, Rose filed her second voluntary Chapter 13 case on October 14, 2004. In her schedules filed with the Court on the petition date, Rose listed a one-half interest in the Mobile Home. In her Chapter 13 plan filed on the petition date, Rose proposed to make direct payments to GreenTree in the amount of $698 per month and to pay pre-petition arrears through her plan. On October 26, 2005, GreenTree filed a motion for relief from stay against Rose and motion for relief from the co-debtor stay against Geric. Per the affidavit filed with the motion for relief, Karen A. Crosby, a representative of GreenTree, averred that Geric and Rose were in default in the amount of $2,525.01 and still

4

owed a payoff of $80,257.74. On November 29, 2005, the Court entered an order conditionally denying GreenTree's motion for relief. The conditional denial was premised on Rose's inclusion of the arrearage amount into her plan and her "timely payment of regular monthly mortgage payments" on the Mobile Home. If Rose did not make timely future payments, then GreenTree was entitled to automatic relief from the stay after a 15-day notice of default to Rose's attorney. The conditional denial order further provided that if Rose's case was "dismissed for any reason, voluntarily or involuntarily", or if relief from the automatic stay was obtained pursuant to such order, "then Green Tree shall be entitled to In Rem relief as to its collateral" and "[n]either [Rose] nor any other party shall be allowed to place the subject mobile home into any bankruptcy case filed under any chapter." GreenTree terminated the stay pursuant to the order on January 8, 2006. Rose's second voluntary Chapter 13 case was dismissed on May 1, 2006.[2]

On June 21, 2006, Geric filed a motion to reopen his Chapter 13 case in order to initiate an adversary proceeding against GreenTree. The Court denied this motion on July 20, 2006, but subsequently granted it on December 21, 2006. Geric filed his adversary proceeding against GreenTree on November 27, 2006. In his complaint, Geric alleges that GreenTree willfully violated the automatic stay sometime in the summer of 2004 after Geric filed his second Chapter 13 case on May 26, 2004. At the Court's June 19, 2007, hearing, Geric alleged that while the automatic stay was in effect, GreenTree sent repossession agents to his home. The repossession agents thereafter attempted to remove the Mobile Home from Geric and Rose's lot, while failing to heed relatives' warnings that an automatic stay was in place. During this repossession attempt,

---

[2]Rose's second voluntary Chapter 13 case was reinstated on June 1, 2006.

5

Geric alleges that GreenTree damaged personal property as well as the Mobile Home.[3] At the Court's June 19, 2007, hearing, GreenTree conceded that it violated the automatic stay but did not concede that such violation was intentional or willful.

Geric testified that he was not making any payments to the Chapter 13 trustee in his case to pay the arrearage claim of GreenTree. Rose is paying $549 per month in her case toward GreenTree's arrearage claim. He cannot afford to make a separate payment. Geric testified that he and his wife ceased making any direct mortgage payments to GreenTree several months ago. Geric and Rose had borrowed money to repair the Mobile Home and did not have enough money to pay for repairs and a mortgage payment. Geric testified that the plan payment and GreenTree's loan payment would be $1,400 per month if the couple paid it in one of their cases. They cannot afford that sum. Geric testified that he will have a better job in the near future in construction which would allow them to pay their debts.

## LAW

GreenTree seeks summary judgment against Geric on both Geric's complaint and GreenTree's counterclaim. GreenTree filed the counterclaim on March 27, 2007. In its counterclaim, GreenTree alleged that no automatic stay applies to any actions of GreenTree in regard to the Mobile Home, and, therefore, it is entitled to repossession. GreenTree filed its motion for summary judgment on May 18, 2007. In its motion, GreenTree alleges that it has obtained relief from stay in all four bankruptcy cases filed by Geric and Rose. GreenTree further alleges that Geric and Rose are currently in default in the amount of $19,952.36 and have not

---

[3]A list of such alleged damage was offered and received into evidence as Plaintiff's Exhibit #1.

been making payments to GreenTree. GreenTree therefore alleges that "[b]ecause of this default and because [GreenTree has] received relief from stay in both [Geric and Rose's] pending Chapter 13 cases, Green Tree is entitled to immediate possession of its collateral pursuant to Alabama Law and the terms and condition of its contract." GreenTree also asserts that there are no grounds for the complaint alleging the occurrence of a violation of the stay and/or it should be dismissed due to laches or waiver.

Geric filed his reply to GreenTree's motion for summary judgment on June 8, 2007. In his reply, Geric contends that he and Rose have been making payments under their individual Chapter 13 plans, a portion of which has been paid to GreenTree. Geric also contends in his reply that there are genuine issues of material fact as to the violation of the stay case as well.

Motions for summary judgment are controlled by Rule 56 of the Federal Rules of Civil Procedure, which has been adopted by Rule 7056 of the Federal Rules of Bankruptcy Procedure. A court shall grant summary judgment to a party when the movant shows that "there is no genuine issue as to any material fact and … the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "In assessing whether the movant has met this burden, the courts should view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion." *Clemons v. Dougherty County*, 684 F.2d 1365, 1368 (11th Cir. 1982). "All reasonable doubts about the facts should be resolved in favor of the non-movant." *Id*. at 1369. A judge's function is not to determine the truth of the matter asserted or the weight of the evidence presented; instead, a judge's function is to determine whether or not the factual disputes raise genuine issues for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). "If the record presents factual issues, the court must not decide them; it must deny the

7

motion and proceed to trial." *Clemons*, 684 F.2d at 1369.

1. *Counterclaim for Possession*

Upon the filing of a bankruptcy case, an automatic stay is created to prevent collection activities by creditors against debtors. 11 U.S.C. § 362(a). Upon the filing of each of Geric and Rose's combined four bankruptcies, an automatic stay prevented GreenTree's repossession of the Mobile Home. However, during each of the four bankruptcies, including the two bankruptcies currently pending before the Court, GreenTree obtained relief from the automatic stay. Geric testified about some confusion or disagreement about the termination of the stay in Rose's first case, but his statement did not raise any issues about the fact that the stay was terminated in both his second case and Rose's second case. Since the automatic stay in Geric's present voluntary Chapter 13 case is terminated, GreenTree's motion for summary judgment is granted with regard to its counterclaim. GreenTree is entitled to pursue all remedies available to it under state law, including obtaining possession of the Mobile Home. *See In re Ridgemont Apartment Assocs.*, 105 B.R. 738, 741 (Bankr. N.D. Ga. 1989) ("When this court terminates the stay, it . . . removes the bankruptcy restraints prohibiting a claimant's exercise of contractual and nonbankruptcy rights or remedies with regard to the matter for which the stay relief is granted.").[4]

2. *Geric's Claim for GreenTree's Violation of the Stay*

Geric's claim for GreenTree's violation of the stay survives the summary judgment test. There remain genuine issues of material fact. A claim alleging violation of the automatic stay requires a claimant to prove a violation of the stay that is willful and causes injury. *In re*

---

[4]The Court notes that the stay lifted as to the Mobile Home in Rose Mary Reed's case as well. GreenTree is free to pursue its state law remedies as to her interest due to the stay's termination.

*Sullivan*, 357 B.R. 847, 854 (Bankr. D. Colo. 2006). GreenTree has admitted that it violated the stay. It does not admit willfulness, however. Taking Geric's statement in a light most favorable to the plaintiff, he establishes an issue of fact as to willfulness. He states that GreenTree's representatives continued to prepare the Mobile Home for towing even after being informed of the bankruptcy. His exhibit #1 raises a claim for damages that has not yet been refuted.

The claim for violation of the stay is separate from the right of GreenTree to pursue state law remedies, including seeking possession of the Mobile Home. Geric may have a claim for damages even if he has no rights under state law to keep the home in the face of his defaults and the absence of an automatic stay.

THEREFORE IT IS ORDERED AND ADJUDGED that GreenTree's motion for summary judgment is:

1. GRANTED to the extent of declaring that no automatic stay exists in the case of Geric Corwin Reed, and GreenTree is free to pursue its state law remedies, including seeking foreclosure and repossession of the mortgaged property;

2. DENIED as to the debtor's complaint alleging damages sustained from defendant's alleged violation of the automatic stay.

The defendant is directed to prepare and file a proposed final judgment upon its counterclaim pursuant to Federal Rule of Bankruptcy Procedure 7054, which incorporates Federal Rule of Civil Procedure 54(b).

Dated: June 26, 2007

/s/ Margaret A. Mahoney
MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE